[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-14320

Non-Argument Calendar

_____

KEVIN HARDAWAY,

Plaintiff-Appellee,

*versus*

DWIGHT HAMILTON, et al.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:14-CV-0542-CAP

_____

21-14278                Opinion of the Court                2

Before JORDAN, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Kevin Hardaway appeals the district court's dismissal of his Eighth Amendment official-capacity claims, brought pursuant to 42 U.S.C. § 1983, against Dekalb County and its sheriff.  We affirm.

The district premised its dismissal order on this circuit's decision in *Manders v. Lee*, 338 F.3d 1304, 1328 (11th Cir. 2003 (en banc) (holding that a Georgia sheriff is an arm of the state when establishing use of force policies at a jail and training and disciplinary employees as to use of force).  Mr. Hardaway acknowledges *Manders* and its applicability, but argues that it was wrongly decided and should be overruled by the court sitting en banc.  *See* Appellant's Br. at 18-42.

*Manders* was a 6-5 decision, and some judges on our court have recently called for its re-evaluation.  *See Andrews v. Biggers*, 996 F.3d 1235, 1236 (11th Cir. 2021) (Wilson, J., and Rosenbaum, J., each separately concurring).  But as a panel we are bound by *Manders* and therefore affirm the district court's order.

**AFFIRMED.**